IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**NONA SANO**                                                                    **PLAINTIFF**

vs.                                          6:20-cv-135

**BTS MOTORS, LLC, and**                                          **DEFENDANTS**
**TODD BEHRINGER**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Nona Sano ("Plaintiff"), by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendants BTS Motors, LLC, and Todd Behringer ("Defendants"), and in support thereof she does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees, as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiff lawful overtime wages as required by the FLSA.

### II.    JURISDICTION AND VENUE

2.    The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.    Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

4.    Defendants conduct business within the State of Texas.

5.    Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the Defendants reside in Texas, so the State of Texas therefore has personal jurisdiction over Defendants.

6.    Plaintiff was employed by Defendants to provide services for Defendants' business in Longview. Therefore, the acts alleged in this Complaint had their principal effect within the Tyler Division of the Eastern District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.    THE PARTIES

7.    Plaintiff is an individual resident and domiciliary of Upshur County.

8.    Separate Defendant BTS Motors, LLC ("BTS"), is a domestic limited liability company registered to do business in the State of Texas.

9.    BTS's registered agent for service is Todd C. Behringer, at 8416 Old McGregor Road, Woodway, Texas 76712.

10.    Separate Defendant Todd C. Behringer ("Behringer") is an individual resident and domiciliary of Texas.

### IV.    FACTUAL ALLEGATIONS

11.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12.    Behringer is an incorporator and organizer of BTS.

13.    Upon information and belief, Behringer owns all or part of BTS.

14.     Behringer manages and controls the day-to-day operation of BTS, and dictates the employment policies of BTS, including but limited to the decision to not pay Plaintiff proper minimum and overtime time wages under the FLSA for all hours worked.

15.     Defendants employed Plaintiff, which encompassed the creation and maintenance of the pay policy applicable to Plaintiff, the power to supervise, hire, fire and discipline Plaintiff, and the power to set the schedule and conditions of Plaintiff's work.

16.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

17.     During each of the three years preceding the filing of this Complaint, Defendants had employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, such as cars.

18.     Defendants were at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

19.     Defendants operate a car dealership.

20.     Plaintiff was hired by Defendants to work as an office manager at their facility in Longview.

21.     Plaintiff worked for Defendants from approximately January of 2019 until February of 2020.

22.     Throughout Plaintiff's employment, Defendants classified Plaintiff as non-exempt from the requirements of the FLSA and paid her an hourly rate.

23.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

24.     Plaintiff regularly worked more than forty (40) hours in a single workweek.

25.     It was Defendants' commonly applied practice to  not pay Plaintiff for all the hours during which she performed work for Defendants.

26.     Specifically, Defendants only paid Plaintiff for up to forty-eight (48) hours of work per week.

27.     Plaintiff was regularly required to arrive at work fifteen (15) minutes early and to stay late, sometimes as late as 10 p.m.

28.     Plaintiff normally worked between fifty (50) to sixty (60) hours per week.

29.     When Plaintiff worked over forty-eight (48) hours per week, Defendants shaved hours off Plaintiff's time records so that they showed only forty-eight (48) hours worked in the week.

30.     At all relevant times herein, Defendants failed to accurately record all hours worked by Plaintiff.

31.     In addition to her hourly pay, Plaintiff also received non-discretionary bonuses based on her performance.

32.     However, Defendants did not include the bonuses that were paid to Plaintiff in her regular rate when calculating her overtime pay.

33.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as non-discretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

34.     Defendants' failure to include all forms of compensation, such as the non-discretionary bonuses paid to Plaintiff, in her regular rate when calculating their overtime pay resulted in additional violations of the overtime requirements of the FLSA.

35.     As a result of these policies, Defendants failed to pay Plaintiff a proper overtime premium for all of the hours she worked in excess of forty (40) hours in a week.

36.     At all times relevant hereto, Defendants were aware of the overtime requirements of the FLSA.

### V.     CAUSE OF ACTION—Violation of the FLSA

37.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

39.     At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

40.     Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

41.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

42.     Defendants willfully failed to pay sufficient overtime wages to Plaintiff.

43.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Nona Sano respectfully prays for declaratory relief and damages as follows:

A.    That each Defendant be summoned to appear and answer herein;

B.    That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

C.    A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

D.    Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

E.    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

F.    An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

I.    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF NONA SANO**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____

Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com